Dear Ms. Cole:
I am in receipt of your request for an Attorney General's Opinion concerning whether or not a sight impaired school bus driver can remain as a substitute driver. Specifically, you ask whether or not Bulletin 1191 from the State Department of Education acts as a prohibition for the hiring as a permanent bus driver and/or the continuing of employment as a substitute bus driver an individual with sight in only one eye when said individual has a valid commercial driver's license (as per the Commercial Drivers License grandfather clause) and has been employed by the Allen Parish School Board as a substitute bus driver since 1984. You have forwarded a copy concerning medical waivers for a commercial motor vehicle driver from the Department of Public Safety and Corrections, an extract from State Department of Education Bulletin 1191, a letter from the insurance agent for the Allen Parish School Board, and a letter from the School Board's personal attorney.
A review of the applicable Louisiana Statutes and of Department of Education Bulletin 1191 in regard to the employment of school bus drivers is necessary. LSA-R.S. 17:491 defines school bus drivers. In pertinent part it states:
 Such employee shall be certified to have participated in any school bus drivers instructional program or in-service training provided by the department of education as provided for in R.S. 17:497.2, shall have attained the age of twenty-one years, and shall be certified to have passed any physical examination required by the department. It shall be unlawful for anyone not certified as provided herein to transport school students to and from any such school.
Additionally, as provided for in LSA-R.S. 17:493, a permanent school bus operator may be removed from his position for physical disability to perform his duties.
Bulletin 1191 of the Louisiana State Department of Education, pg. 15, sets forth certain physical requirements for bus drivers. It provides as follows:
PHYSICAL CONDITION
 The Commercial Driver's License physical examination (See Appendix D) is a minimum requirement. A copy of the examination form must be filed with the school district's Transportation Office before the beginning of each school year. More extensive and/or more frequent examinations may be required by the local district. All school bus drivers must be certified as having normal use of both hands, both arms, both feet, both legs and must possess normal or corrected vision of 20/40 in both eyes, with a field of vision of at least 150 degrees. They must have corrected or normal hearing, be free of communicable disease and of mental, emotion or functional disorders.
 After a heart attack or other serious illness, a certificate of health and permission to return to work from a licensed physician must be presented and filed with the Transportation Office and maintained in the driver's record. Local school boards may require such certification as well as all annual physical examinations, to be approved by board-appointed physicians.
Bulletin 1191 very clearly states that the possession of a Commercial Driver's License, (hereinafter referred to as CDL), is a minimum requirement for school bus drivers. It also states that a school bus driver must possess normal or corrected vision of 20/40 in both eyes, with a field of vision of at least 150 degrees.
As discussed by the School Board's personal attorney, the requirements by the State Department of Education contained in the Department of Education Bulletin 1191 are absolutely separate from the requirements by the Louisiana Department of Public Safety for a commercial driver's license and any waiver which might be applicable in a "grandfather" situation. Also, the requirements as set forth in the Louisiana Revised Statutes as discussed above are separate from any waiver provided in the Louisiana Department of Public Safety regulations. The waiver allowed by the Department of Public Safety pertains to all CDLs in general, not just CDLs for school bus drivers. A bus driver may continue to qualify to be grandfathered in for a CDL, but to work in the State of Louisiana and be employed with the parish school board as a bus operator, all the requirements of LSA-R.S.17:491, LSA-R.S. 17:493 and Bulletin 1191 must be met. other reasons, his failure to exercise due diligence in obtaining the required medical treatment to correct a disability which prevented him from performing his duties. The bus driver had been diagnosed with carpal tunnel syndrome but failed to have surgery.
Therefore, in answer to your question, State Department of Education Bulletin 1191, as well as LSA-R.S. 17:491 and LSA-R.S.17:493, act as a prohibition for the hiring as a permanent bus driver and/or the continuing of employment as a substitute bus driver, an individual with sight in only one eye, even though said individual has a valid commercial driver's license (as per CDL grandfather clause) and has been employed by the Allen Parish School Board as a substitute bus driver since 1984.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc